# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MALCOLM O. ASHLEY             :     Civil No. 3:17CV00724(AWT)
                              :
v.                            :
                              :
CITY OF BRIDGEPORT, et al.    :     April 6, 2018
                              :
------------------------------x
```

## ORDER RE: PLAINTIFF'S MOTION TO COMPEL [DOC. #47] AND BRIDGEPORT DEFENDANTS' MOTIONS FOR EXTENSION OF TIME [DOC. #50; #52]

Plaintiff Malcolm O. Ashley ("plaintiff") has filed a motion to compel seeking responses from defendants City of Bridgeport, Ronald Mercado, Roderick Doda, and Marie Cetti (the "Bridgeport Defendants")[1] to certain interrogatories and a request for production. [Doc. #47]. The Bridgeport Defendants have filed an objection to plaintiff's motion. [Doc. #50]. Also pending before the Court are two motions filed by the Bridgeport Defendants seeking an extension of time to respond to plaintiff's interrogatories and requests for production. [Doc. #50; #52]. For the reasons set forth herein, the Court **GRANTS,**

---

[1] Plaintiff's motion to compel seeks to compel "Defendant City of Bridgeport" to provide responses to plaintiff's discovery requests. Doc. #47 at 1. The Court construes plaintiff's motion as directed toward defendants City of Bridgeport, Ronald Mercado, Roderick Doda, and Marie Cetti. Defendants Mercado, Doda, and Cetti are allegedly employed by the City of Bridgeport and the Bridgeport Defendants are all represented by the same counsel. See Doc. #1 at 1. The Bridgeport Defendants collectively filed an objection to the motion. See Doc. #50.

**in part, and DENIES, in part,** plaintiff's Motion to Compel [**Doc. #47**] and **GRANTS, in part, and DENIES, in part,** the Bridgeport Defendants' motions for an extension of time [**Doc. #50; #52**].

## I.    Background

On March 15, 2018, plaintiff filed a motion to compel, seeking responses from the Bridgeport Defendants to plaintiff's "Interrogatories and Request for Production of Electronic video/film referenced in issued requests on 20 December 2017." Doc. #47 at 1 (footnote omitted). The Bridgeport Defendants filed an objection to the motion to compel on March 21, 2018. See Doc. #50. The Bridgeport Defendants attached a copy of plaintiff's interrogatories to their objection. See Doc. #50-1.

The Bridgeport Defendants also sought an extension of time "nunc pro tunc until thirty days following the Court's ruling on in which to answer and/or object to the Plaintiff's Interrogatories and Requests for production dated December 20, 2017." Doc. #50 at 1 (sic). On March 23, 2018, the Bridgeport Defendants filed a Supplemental Motion for Extension of Time indicating that "[t]he undersigned has consulted with the plaintiff regarding the request for extension of time and the plaintiff has indicated that he consents to the relief requested." Doc. #52 at 1.

## II. Legal Standard

Rule 37(a) of the Federal Rules of Civil Procedure states that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Id. Local Rule 37(a) requires that the party filing a motion to compel "file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." D. Conn. L. Civ. R. 37(a). Local Rule 37(b)(1) further requires that memoranda filed in support or in opposition to a motion to compel "shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). "Every memorandum shall include, as exhibits, copies of the discovery requests in dispute." Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

## III. Discussion

### A. Plaintiff's Motion to Compel

Plaintiff asks the Court to compel the Bridgeport Defendants to respond to his interrogatories and request for production. See Doc. #47 at 1-2. Plaintiff argues the Court should grant his motion because he "has in good faith conferred with and asked the Defendant City of Bridgeport, to provide responses[,]" but the Bridgeport Defendants have "not responded at all." Doc. #47 at 1-2. The Bridgeport Defendants object to the motion to compel, arguing that "Plaintiff has filed extensive Interrogatories and Requests for Production directed

~ 4 ~

to defendants as well as non-parties[.]" Doc. #50 at 3 (footnote omitted).

The Bridgeport Defendants contend that "Plaintiff's requests for interrogatories are comprised of six interrogatories with one-hundred and eleven subparts[,]" that Interrogatories One, Two, Three, and Six are directed to non-parties, and that Interrogatories Seven and Eight are directed to defendant St. Vincent's Medical Center. Id.

Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1) (emphasis added). "The interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b).

Here, plaintiff directs Interrogatory One to Bridgeport Mayor Joseph Ganim, Interrogatory Two to Armando Perez, Interrogatory Three to Rebecca Garcia, Interrogatory Six to Juan Vincens, Interrogatory Seven to Ryan Doss, M.D., and Interrogatory Eight to Rebecca Ruben, M.D. See Doc. #50-1 at 1-16. Mr. Ganim, Mr. Perez, Ms. Garcia, Mr. Vincens, Dr. Doss, and

Dr. Ruben are not parties in this case. <u>See</u> Doc. #1. Therefore, these interrogatories are improper under Rule 33, which permits a party to serve interrogatories "on any other party[.]" Fed. R. Civ. P. 33(a)(1); <u>see also</u> <u>Andrulonis v. United States</u>, 96 F.R.D. 43, 45 (N.D.N.Y. 1982) ("Based on the clear language of the Rule, therefore, interrogatories may not be served on a person not a party."). The Court will not compel the Bridgeport Defendants to answer these interrogatories, as interrogatories "must be answered ... by the party to whom they are directed[.]" Fed. R. Civ. P. 33(b). Accordingly, plaintiff's motion to compel is **DENIED** as to Interrogatories One, Two, Three, Six, Seven, and Eight.

Interrogatories Four and Five are directed to defendant Ronald Mercado and defendant Marie Cetti, respectively. <u>See</u> Doc. #50-1 at 7-13. Interrogatory Four includes twenty-three subparts directed to defendant Mercado and Interrogatory Five includes eight subparts directed to defendant Cetti. <u>See</u> Doc. #50-1 at 7-13. Therefore, plaintiff has not exceeded the limit of 25 interrogatories that he may serve on each defendant. <u>See</u> Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). The Bridgeport Defendants do not offer any other

basis for their objection to Interrogatories Four and Five. <u>See</u> Doc. #50 at 1-4.

Accordingly, plaintiff's motion to compel is **GRANTED** as to Interrogatories Four and Five. Defendant Ronald Mercado shall provide answers or objections to plaintiff's Interrogatory Four on or before **April 20, 2018**. Defendant Marie Cetti shall provide answers or objections to plaintiff's Interrogatory Five on or before **April 20, 2018**.

Plaintiff also seeks to compel the Bridgeport Defendants to respond to his request for production. <u>See</u> Doc. #47 at 1. Plaintiff states that he seeks production of video records "referenced and stipulated in Bridgeport Police Internal Affairs investigation OIA Case 151-082, of the Bridgeport Police Headquarters front desk on 4 April 2015, reviewed by senior Internal Affairs Investigator, Sgt. Tjuana Bradley-Webb." <u>Id.</u> The Bridgeport Defendants cursorily respond that plaintiff's "Requests for Production [are] directed to defendants as well as non-parties[.]" Doc. #50 at 3.

Plaintiff's motion fails to comply with the requirements of Local Rule 37 of the District of Connecticut Local Rules of Civil Procedure. Although plaintiff's motion states that he "has in good faith conferred with and asked the Defendant City of Bridgeport to provide responses[,]" plaintiff did not file an

"affidavit certifying that he ... has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." D. Conn. L. Civ. R. 37(a). Plaintiff's motion also fails to "include, as exhibits, copies of the discovery requests in dispute." Fed. R. Civ. P. 37(b)(1). Although the Bridgeport Defendants attached a copy of plaintiff's interrogatories to their objection, the Court has not been provided with a copy of plaintiff's request for production by either party. Therefore, the Court will not compel the Bridgeport Defendants to respond to plaintiff's request. <u>See</u>, <u>e.g.</u>, <u>Hoth v. Lantz</u>, No. 3:10CV1081(WWE), 2012 WL 3648764, at *1 (D. Conn. Aug. 24, 2012) (denying a motion to compel for failure to provide the required affidavit and attach copies of the discovery requests); <u>Williams v. Murphy</u>, No. 3:13CV01154(MPS), 2015 WL 1971517, at *5 (D. Conn. May 1, 2015) ("The second motion to compel is denied for failure to comply with Local Rule 37(a) and (b)1."). Accordingly, the motion to compel is **DENIED** as to the request for production.

**B. The Bridgeport Defendants' Motions for Extension of Time**

The Bridgeport Defendants seek "an extension of time, nunc pro tunc until thirty days following the Court's ruling on in which to answer and/or object to the Plaintiff's Interrogatories and Requests for production dated December 20, 2017." Doc. #50 at 1 (sic). The Bridgeport Defendants argue that good cause for an extension exists due to an "inadvertent email delivery error[.]" Id. at 3. The Bridgeport Defendants state that "[o]n December 20, 2017 the plaintiff sent Interrogatories and Production Requests to Attorney Mitola[,]" who has appeared as counsel for the Bridgeport Defendants. Id. at 2. The Bridgeport Defendants contend that Attorney Mitola transferred the case to Attorney Richard Kascak, but Attorney Mitola "inadvertently" failed to transfer plaintiff's discovery requests to Attorney Kascak. Id. As a result, Attorney Kascak was not "made aware of the plaintiff's request for interrogatories and production[]" until plaintiff filed the motion to compel currently before the Court. Id. Both Attorney Mitola and Attorney Kascak have appeared as counsel for the Bridgeport Defendants. See Doc. ##3, 17. The Bridgeport Defendants also argue that their "pending Motion to Dismiss" and "the nature and sheer number of the plaintiff's interrogatories" constitute good cause for an extension. See Doc. #50 at 3. The Bridgeport Defendants filed a

supplemental motion for an extension of time indicating that plaintiff consents to the requested extension. See Doc. #52.

Local Rule 7(b) requires that "[a]ll motions for extensions of time must be decided by a Judge and will not be granted except for good cause." D. Conn. L. Civ. R. 7(b). "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Id.

The Bridgeport Defendants have not shown good cause for a thirty day extension. The Bridgeport Defendants acknowledge that they received plaintiff's requests on December 20, 2017. See Doc. #50 at 2. The alleged "inadvertent email delivery error" does not constitute good cause, as it was the result of a miscommunication among counsel for the Bridgeport Defendants through no fault of plaintiff. Id. at 3. The Bridgeport Defendants' motion to dismiss is no longer pending; a ruling was issued on March 26, 2018. See Doc. #54. The nature and number of plaintiff's requests also do not constitute good cause for a thirty day extension. However, in light of plaintiff's consent, the Court will grant a brief extension.

Accordingly, the Bridgeport Defendants' motions for an extension of time are **GRANTED, in part, and DENIED, in part**. Defendant Ronald Mercado shall provide answers or objections to

plaintiff's Interrogatory Four on or before **April 20, 2018.**

Defendant Marie Cetti shall provide answers or objections to plaintiff's Interrogatory Five on or before **April 20, 2018.**

**IV. Conclusion**

For the reasons set forth above, the Court **GRANTS, in part,** and **DENIES, in part,** plaintiff's Motion to Compel. [**Doc. #47**]. The Court also **GRANTS, in part,** and **DENIES, in part,** the Bridgeport Defendants' motions for an extension of time. [**Doc. #50; #52**].

Defendant Ronald Mercado shall provide answers or objections to plaintiff's Interrogatory Four on or before **April 20, 2018.** Defendant Marie Cetti shall provide answers or objections to plaintiff's Interrogatory Five on or before **April 20, 2018.**

SO ORDERED at New Haven, Connecticut, this 6th day of April, 2018.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE